*NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.*

**Children's Hospital and Research Center of Oakland d/b/a Children's Hospital of Oakland *and* Service Employees International Union, United Healthcare Workers–West.** Case 32–CA–086106

February 28, 2014

DECISION AND ORDER

BY MEMBERS MISCIMARRA, JOHNSON AND SCHIFFER

On August 1, 2013, Administrative Law Judge William G. Kocol issued the attached decision. The Respondent filed exceptions and a supporting brief, the General Counsel and Charging Party Service Employees International Union, United Healthcare Workers-West (the Union), filed answering briefs, and the Respondent filed reply briefs. The Union filed cross-exceptions and a supporting brief, and the Respondent filed an answering brief.

The National Labor Relations Board has delegated its authority in this proceeding to a three-member panel.

The Board has considered the decision and the record in light of the exceptions, cross-exceptions, and briefs and has decided to affirm the judge's rulings, findings,[1] and conclusions and to adopt the recommended Order.[2]

ORDER

The National Labor Relations Board adopts the recommended Order of the administrative law judge and orders that the Respondent, Children's Hospital and Research Center of Oakland d/b/a Children's Hospital of Oakland, Oakland, California, its officers, agents, successors, and assigns, shall take the action set forth in the Order, except that the attached notice is substituted for that of the administrative law judge.

Dated, Washington, D.C.  February 28, 2014

_____
Philip A. Miscimarra,              Member

_____
Harry I. Johnson, III,              Member

_____
Nancy Schiffer,                    Member

(SEAL)        NATIONAL LABOR RELATIONS BOARD

APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

---

[1] In affirming the judge's finding that the Respondent violated Sec. 8(a)(5) and (1) of the Act by refusing to arbitrate grievances with the Union, we clarify that in *Arizona Portland Cement Co.*, 302 NLRB 36, 37 (1991), the Board held that an employer has no duty to arbitrate with a newly certified union grievances arising during its relationship with a prior bargaining representative. We further note that the judge described the collective-bargaining agreement between the Respondent and the Union as "expired," even though it was to be effective until April 30, 2014. Although a collective-bargaining agreement with a decertified union becomes null and void upon a change in bargaining representative, the employer must abide by the terms and conditions of employment established under that agreement until a new collective-bargaining agreement is negotiated or the parties reach impasse. See *More Truck Lines*, 336 NLRB 772, 772–773 (2001), enfd. 324 F.3d 735 (D.C. Cir. 2003).

We recognize that a Federal district court denied the Union's motion to compel the Respondent to arbitrate the grievances at issue here. *Children's Hospital & Research Center Oakland, Inc. v. SEIU*, No. C 12-03862 SI, 2012 WL 4891594 (N.D. Cal. Oct. 12, 2012). As the Board was not a party to that case, the Respondent properly does not assert that the district court's decision is entitled to preclusive effect. See, e.g., *Field Bridge Associates*, 306 NLRB 322, 322 (1992), enfd. sub nom. *Service Employees Local 32B-32J v. NLRB*, 982 F.2d 845 (2d Cir. 1993), cert. denied 509 U.S. 904 (1993). We further note that, in relying on *Federation of Union Representatives v. UNITE HERE*, 736 F.Supp.2d 790 (S.D.N.Y. 2010), the Northern District of California did not consider Board law that is critical to the outcome of this case, specifically *Arizona Portland Cement*, above, and *Government Employees Local 888 (Bayley-Seton Hospital)*, 323 NLRB 717 (1997).

[2] We deny the Union's request for enhanced remedies, which are not warranted in this case. We shall substitute a new notice to conform to the judge's recommended Order.

360 NLRB No. 56

WE WILL NOT refuse to arbitrate grievances that arose under the December 8, 2010 collective-bargaining agreement with the Service Employees International Union, United Healthcare Workers–West (the Union).

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL comply with the Union's May 23, 2012 request to process the grievances to arbitration under the terms of the December 8, 2010 collective-bargaining agreement with the Union.

CHILDREN'S HOSPITAL AND RESEARCH CENTER
OF OAKLAND D/B/A CHILDREN'S HOSPITAL OF
OAKLAND

*Jennifer D. Kaufman and Fred B. Jacob, Esqs.,* for the General Counsel.
*Bonnie Glatzer and David A. Kolek, Esqs. (Nixon Peabody, LLP), of San Francisco, California,* for the Respondent.
*Manuel A. Boigues, Esq. (Weinberg, Roger & Rosenfeld), of Alameda, California,* for the Charging Party.

DECISION

STATEMENT OF THE CASE

WILLIAM G. KOCOL, Administrative Law Judge. This case was presented to me based on a stipulated record that I approved on July 1, 2013. The Service Employees International Union, United Healthcare Workers-West (the Union) filed the charge on July 26, 2012, and the General Counsel issued the complaint on March 29, 2013. The complaint alleges that Children's Hospital and Research Center of Oakland d/b/a Children's Hospital of Oakland (the Hospital) violated Section 8(a)(5) and (1) by refusing to arbitrate grievances that arose under a collective-bargaining agreement between the Union and the Hospital. The Hospital filed a timely answer that admitted the allegations of the complaint concerning the filing and service of the charge, interstate commerce and jurisdiction, the Union's labor organization, as well as that of the National Union of Healthcare Workers (NUHW). The Hospital also admitted the agency status of Brenda Husband, the Hospital's employee and labor relations manager, the appropriate unit, and that the Union represented the employees in that unit until May 16, 2012, at which time the Union was decertified and replaced by the NUHW. The Hospital also admits that during the time that the Union represented the unit employees the Union had a collective-bargaining agreement with the Hospital that included grievance-arbitration procedures, that during that same time period three grievances were filed, and after the NUHW replaced the Union as the collective-bargaining representative the Union demanded that the Hospital arbitrate those grievances, but the Hospital refused to do so. The Hospital refused to do so even after the NUHW advised that it did not oppose the Union's demand to arbitrate. In its answer, the Hospital pleads a number of affirmative defenses; none of them are meritorious under Board law.

On the entire record and after considering the briefs filed by the General Counsel[1] and the Hospital, I make the following

FINDINGS OF FACT

I. JURISDICTION

The Hospital, a corporation, operates a "non-profit" pediatric hospital at its facility in Oakland, California, where it annually derives gross revenues in excess of $250,000 and purchases and receives at its facility goods and services valued in excess of $5000. The Hospital admits, and I find, that it is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act and that the Union and the NUHW are labor organizations within the meaning of Section 2(5) of the Act.

II. ALLEGED UNFAIR LABOR PRACTICES

As indicated, the Hospital operates a pediatric hospital and research center whose main facility is located in Oakland, California, where it employs more than 2,800 people. Until May 23, 2012, the Union was the exclusive bargaining representative for a bargaining unit consisting of most of Respondent's service, maintenance, and technical employees. The Hospital and the Union negotiated a series of collective-bargaining agreements that governed the terms and conditions of employment for the employees in the Hospital's bargaining unit represented by the Union. The most recent contract was to be effective from December 8, 2010 to April 30, 2014; it contained a two-step grievance procedure, after which either party could request arbitration.

The NUHW was formed in or about early 2009. On February 2, 2009, NUHW filed a representation petition with Region 32, which sought an election to have NUHW certified as the exclusive bargaining representative of the Respondent employees who were then represented by the Union. The NLRB conducted an election on August 16, 2011, but the results of the August 16, 2011 election were set aside after an administrative law judge found that certain conduct of NUHW interfered with the employees' exercise of a free and reasoned choice. The NLRB conducted a second election on May 16, 2012. A majority of the voting employees selected the NUHW as their bargaining representative. On May 24, 2012, Region 32 certified NUHW as the winner of the representation election. As a result, NUHW is now the certified and exclusive bargaining representative for the Hospital's employees in the unit previously represented by the Union.

On April 24, 2012,[2] the Hospital terminated Sharon Brown's employment. It contended that Brown failed to comply with the terms of a Last Chance Agreement mandated by a Joint Adjustment Board, which consisted of an equal number of Hospital and Union representatives. Thereafter, the Union continued to pursue a grievance over Brown's termination. On May 23, Brown also filed an unfair labor practice charge with Region 32 in Case 32-CA-081636 alleging that her termination and the failure to reinstate her were for discrimina-

---

[1] The Union adopted the brief of the General Counsel as its own.
[2] All dates are in 2012, unless otherwise indicated.

tory reasons. On May 30, the Union also filed an unfair labor practice charge with Region 32 in Case 32–CA–082033 alleging that Brown's termination was because of her protected concerted activities. Following an investigation, the Region dismissed all charges related to Brown on July 30. On November 6, the Region's dismissals of the Brown charges were affirmed following an appeal to the NLRB's General Counsel.

In April 2011, Yolanda Montoya, a part-time patient care assistant, applied for a full-time patient care assistant position. The Hospital initially awarded the full-time position to Montoya effective June 12, 2011, but subsequently learned that the position should have been awarded to a more senior employee under the terms of the contract. Before Montoya started in the new position, the Hospital rectified the error, and the more senior employee received the position. On December 1, 2011, pursuant to an agreement with the Union, the Hospital awarded Montoya the next available full-time position. The Union continued to pursue a grievance seeking backpay for Montoya from June 12, 2011 until December 2011, when Montoya started in her full-time position.

In or about September or October 2011, the Union filed a grievance alleging that five respiratory therapists should have been paid at a higher step level under the terms of the contract. The parties resolved all of the individual cases, except for two. The two unresolved cases concerned two therapists who the Hospital alleged were not entitled to higher pay because they had not yet begun their training for transport duties. Several months later, when the therapists began their transport training, the Hospital began paying them the transport differential pay per the contract. The Union continued pursuing its grievance alleging these employees are still owed additional pay per the terms of the contract.

On May 23, 2012, Union Business Agent Sharrion Marshall emailed the Hospital's Labor Relations Manager, Brenda Husband. Marshall requested that all three of the grievances described above be moved to arbitration in accordance with the contract's grievance procedures. On June 19, the Union renewed its request for arbitration of the grievances.

On July 16, the Hospital declined to arbitrate the grievances because NUHW had replaced the Union as the exclusive bargaining representative. The Hospital also requested that the Union withdraw its request to arbitrate the grievances no later than the close of business on July 20. The Hospital stated that if the Union did not withdraw its request to arbitrate the grievances by the close of business on July 20 it would seek injunctive relief. The Union did not communicate with the Hospital's counsel before the close of business on July 20 indicating intent to withdraw its arbitration request or in any other manner. On July 24, the Union declined the Hospital's request to withdraw arbitration demands regarding the grievances.

On July 24, the Hospital filed a complaint against the Union in the U.S. District Court, Northern District of California, Case No. C 12-03862 Sl. The Hospital's complaint sought an injunction permanently restraining the Union from requesting or compelling it to arbitrate the grievances and a declaratory judgment that the Union had no legal right to compel it to arbitrate the grievances. On August 23, the Union filed an opposition to the Hospital's motion for injunctive relief. On August 29, the Union filed a cross-petition to compel the Hospital to arbitrate the grievances. On October 5, the Honorable U.S. District Judge Susan Illston held a hearing on the Hospital's motion for preliminary injunction and the Union's cross petition to compel arbitration. On October 12, the Court denied the Union's motion to compel arbitration of the grievances and, in light of this denial, denied the Hospital's motion for preliminary injunction and declaratory judgment as moot. See *Children's Hospital & Research Center Oakland v. SEIU* (N.D. Cal. Oct. 12, 2012) 2012 U.S. Dist. LEXIS 17461. The Court entered judgment consistent with its October 12 order on October 31. The parties did not appeal the Court's judgment.

On July 26, the Union filed the instant unfair labor practice charge with the Region. As a part of its investigation of the charge, the Region solicited positions from the Hospital and NUHW regarding the Union arbitrating the grievances. The Hospital informed the Region that it declined to arbitrate the grievances with the Union. On January 17, 2013, NUHW, by its counsel, informed the Region that it did not oppose the Union's arbitrating the grievances. On February 13, 2013, the Region informed the Hospital that NUHW's counsel had advised the Region that NUHW did not oppose the Union's arbitrating the grievances. On February 19, 2013, the Hospital informed the Region that it still declined to arbitrate the grievances with the Union. Between February 13, 2013 and February 19, 2013, NUHW Business Agent Faye Roe informed the Hospital's Employee and Labor Relations Manager Brenda Husband that NUHW has never given the Union any indication that NUHW wishes the Hospital to bargain or arbitrate with the Union with respect to any of the Hospital's workers, given that it no longer represents these workers.

III. ANALYSIS

The issue is whether the Hospital violated Section 8(a)(5) by refusing to arbitrate grievances that arose under an expired contract under circumstances where the union that was a party to the contract is no longer the representative of the employees *and has been replaced by another union* as the representative of the employees. The starting point is that the settled proposition that an employer must arbitrate grievances that arose under an expired contract. *Nolde Bros. v. Bakery Workers Local 358,* 430 U.S. 243 (1977). If it refuses to do so, it violates Section 8(a)(5). *Indiana & Michigan Electric Co.,* 284 NLRB 53 (1987). An employer must arbitrate such grievances even if the union no longer represents any employees of the employer. *Missouri Portland Cement Co.,* 291 NLRB 1043 (1988). And it is clear that a replacement union may not seek to arbitrate grievances that arose under the contract between its predecessor union and the employer. *Arizona Portland Cement Co.,* 302 NLRB 36 (1991). These cases, taken together, are compelling

signals that the Hospital's conduct here also violated the Act.

The Hospital, however, makes several arguments as to why those decisions should not dictate the result in this case. First, the Hospital argues that it may only negotiate with the exclusive bargaining representative of the unit employees and the Union no longer is that representative. But this argument has been rejected by the Board. *Missouri Portland Cement,* supra. Next, it argues that if it processes the grievance under the expired agreement with the Union it may be charged with an 8(a)(2) unfair labor practice. But this fear is unfounded, at least on the facts of this case. The grievances in this case involve nothing more that reinstatement and backpay. All that the Hospital is required to do is complete the unfinished business arising from the expired contract and expired collective-bargaining relationship. Nothing need spill over into determining current conditions of employment for the unit employees; that must be done exclusively with the NUHW. The Hospital then argues that processing the grievances with the Union would destabilize its relationship with the NUHW. I see no merit in this argument. However, the grievances are resolved, whether through negotiation and settlement or in arbitration their resolution merely becomes part of the history of the Hospital's past relationship with the Union. The Hospital is required to do nothing more than sew up the loose ends of its past relationship with the Union. The Hospital and the NUHW are free to chart their own course. Next, as the Hospital points out, there is some language in the prior cases that seems to indicate that those holdings might not apply when a predecessor union has been replaced, but the Board has made clear that such language is dicta and should not be interpreted in that manner. *Government Employees Local 888 (Bayley-Seton Hospital)*, 323 NLRB 717, 721 (1997). Finally, the General Counsel and the Hospital disagree as to the significance of the statements made by the NUHW regarding the grievances. I find that those statements are irrelevant. NUHW has no say whatsoever concerning the processing of those grievances just as the Union can play no part in determining conditions of employment since its decertification. By refusing to arbitrate the grievances that arose under the expired collective-bargaining agreement, the Hospital violated Section 8(a)(5) and (1).

CONCLUSION OF LAW

By refusing to arbitrate the grievances that arose under the December 8, 2010, collective-bargaining agreement with the Union, the Hospital has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(5) and (1) and Section 2(6) and (7) of the Act.

REMEDY

Having found that the Respondent has engaged in certain unfair labor practices, I shall order it to cease and desist therefrom and to take certain affirmative action designed to effectuate the policies of the Act.

On these findings of fact and conclusions of law and on the entire record, I issue the following recommended[3]

ORDER

The Respondent, Children's Hospital and Research Center of Oakland d/b/a Children's Hospital of Oakland, Oakland, California, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Refusing to arbitrate the grievances that arose under the December 8, 2010, collective-bargaining agreement with the Union.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Comply with the Union's request dated May 23, 2012, to process the grievances to arbitration under the terms of the December 8, 2010, collective-bargaining agreement with the Union.

(b) Within 14 days after service by the Region, post at its facility in Oakland, California, copies of the attached notice marked "Appendix."[4] Copies of the notice, on forms provided by the Regional Director for Region 32, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, the notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since May 23, 2012.

(c) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C.  August 1, 2013

APPENDIX

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

---

[3] If no exceptions are filed as provided by Sec. 102.46 of the Board's Rules and Regulations, the findings, conclusions, and recommended Order shall, as provided in Sec. 102.48 of the Rules, be adopted by the Board and all objections to them shall be deemed waived for all purposes.

[4] If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

CHILDREN'S HOSPITAL OF OAKLAND

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT refuse to arbitrate grievances that arose under the December 8, 2010, collective-bargaining agreement with the Service Employees International Union, United Healthcare Workers-West.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL process grievances to arbitration under the terms of the December 8, 2010, collective-bargaining agreement with the Service Employees International Union, United Healthcare Workers-West.

CHILDREN'S HOSPITAL AND RESEARCH CENTER OF OAKLAND D/B/A CHILDREN'S HOSPITAL OF OAKLAND