## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**Case No.    14-1032**

**Consolidated with 14-1058 & 14-1064**

---

**CHILDREN'S HOSPITAL AND RESEARCH CENTER OF OAKLAND,**

**INC., D/B/A CHILDREN'S HOSPITAL OF OAKLAND**

*Petitioner/Cross-Respondent,*

*v.*

**NATIONAL LABOR RELATIONS BOARD,**

*Respondent/Cross Petitioner,*

and

**SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED**

**HEALTHCARE WORKERS-WEST**

*Intervenor for Respondent.*

---

**BRIEF OF INTERVENOR FOR RESPONDENT**

---

**DAVID A. ROSENFELD, Bar No. 058163**
**BRUCE A. HARLAND, Bar No. 230477**
**WEINBERG, ROGER & ROSENFELD**
**1001 MARINA VILLAGE PARKWAY, STE 200**
**ALAMEDA, CA 94501**
**Tel.: (510) 337-1001**
**Fax:  (510) 337-1023**

Attorneys for Intervenor for Respondent,

**SERVICE EMPLOYEES INTERNATIONAL UNION,**

**UNITED HEALTHCARE WORKERS-WEST**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

CHILDREN'S HOSPITAL AND RESEARCH
CENTER OF OAKLAND, INC., D/B/A
CHILDREN'S HOSPITAL OF OAKLAND

*Petitioner*

*v.*

NATIONAL LABOR RELATIONS BOARD,

*Respondent*

and

SERVICE EMPLOYEES INTERNATIONAL
UNION, UNITED HEALTHCARE
WORKERS-WEST

*Intervenor for Respondent*

Nos. 14-1032; 14-1064

Board Case No.
32-CA-086106

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), counsel for the Service Employees
International Union, United Healthcare Workers-West certifies the following:

### A. Parties and Amici

Children's Hospital And Research Center Of Oakland, Inc., D/B/A Children's
Hospital Of Oakland ("the Hospital), is petitioner before the Court and was respondent
before the Board. The Board is respondent before the Court; its General Counsel was a
party before the Board. The Service Employees International Union, United

Healthcare Workers-West ("SEIU-UHW") is an intervenor before the Court on behalf

of the Board, and was the charging party before the Board.  There are no amici.

## B.   Rulings Under Review

This case is before the Court on the Hospital's petition for review a Board

Order issued on February 28, 2014, and reported at 360 NLRB No. 56.  The Board

seeks enforcement of that Order against the Hospital.  Intervenor supports the Board.

## C.   Related Cases

The case on review was not previously before the Court and or any other court.

Intervenor Counsel is unaware of any related cases pending in this Court or any other

court.


Dated at Alameda, CA
this 7th day of August,  2014

WEINBERG, ROGER & ROSENFELD

A Professional Corporation


 _/s/ David A. Rosenfeld_____
 DAVID A. ROSENFELD
 BRUCE A. HARLAND
 Attorneys for Intervenor for Respondent,
 SERVICE EMPLOYEES INTERNATIONAL
 UNION, UNITED HEALTHCARE
 WORKERS-WEST

# TABLE OF CONTENTS

I.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION...........................1

ISSUE PRESENTED ..................................................................................................1

THE CASE AND THE FACTS ..................................................................................1

II.  SUMMARY OF THE ARGUMENT.........................................................................1

III. ARGUMENT ..............................................................................................................2

IIII. CONCLUSION .........................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

## <u>Federal Cases</u>

*14 Penn Plaza, LLC v. Pyett*,
   556 U.S. 247 (2009) ....................................................................................... 4

*Carey v. Gen. Elec. Co.*,
   315 F.2d 499 (2d Cir. 1963) .......................................................................... 4

*Carey v. Westinghouse Elec. Corp*,
   375 U.S. 261 (1964) ....................................................................................... 3

*D.R. Horton, Inc. v. NLRB*,
   737 F.3d 344 (5th Cir. 2013) ......................................................................... 5

*Express, Inc. v. McMahon*,
   482 U.S. 220 (1987) ....................................................................................... 5

*Express, Inc.*,
   490 U.S. 477 (1989) ....................................................................................... 5

*Exxon Chem. Co. v. NLRB*,
   386 F.3d 1160 (D.C. Cir. 2004) .................................................................... 8

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ......................................................................................... 5

*Hammontree v. NLRB*,
   925 F.2d 1486 (D.C. Cir. 1991) .................................................................... 5

*Hosp. & Institutional Workers Union Local 250 v. Marshal Hale Mem'l Hosp.*,
   647 F.2d 38 (9th Cir. 1981) ........................................................................... 3

*Hotel & Rest. Employees Union Local 217 v. J.P. Morgan Hotel*,
   996 F.2d 561 (2d Cir. 1993) .......................................................................... 3

*Hotel Employees, Rest. Employees Union, Local 2 v. Marriott Corp.*,
   961 F.2d 1464 (9th Cir. 1992) ....................................................................... 3

*In re Dist. No. 1-Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n*,
  723 F.2d 70 (D.C. Cir. 1983)....................................................................4

*Int'l Union of Elec., Radio & Machine Workers v. Gen. Elec. Co.*,
  407 F.2d 253 (2d Cir. 1968) ....................................................................4

*Int'l Union of Painter & Allied Trades v. J & R Flooring, Inc.*,
  656 F.3d 860 (9th Cir. 2011) ...........................................................3, 11

*\*Litton Fin. Printing Div. v. NLRB*,
  501 U.S. 190 (1991) ...........................................................................2, 3

*Medo Photo Supply Corp. v. NLRB*,
  321 U.S. 678 ............................................................................................9

*\*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) ................................................................................5

*N.Y. Health & Human Serv. Union v. NYU Hosps. Ctr.*,
  343 F.3d 117 (2d Cir. 2003) ....................................................................3

*Nolde Bros. v. Local No. 358, Bakery & Confectionery Workers Union*,
  430 U.S. 243 (1977) ...........................................................................2, 3

*Retail Clerks Local 588 v. NLRB*,
  565 F.2d 769 (D.C. Cir. 1977)..................................................................4

*Serv. Employees Int'l Union, Local 399 v. St. Vincent Med. Ctr.*,
  344 F.3d 977 (9th Cir. 2003) ...................................................................3

*United Bhd. of Carpenters & Joiners v. Operative Plasterers' &
  Cement Masons' Int'l Ass'n*,
  721 F.3d 678 (D.C. Cir. 2013)............................................................4, 10

*United Optical Workers Union Local 408 v. Sterling Optical Co.*,
  500 F.2d 220 (2d Cir. 1974) ....................................................................4

*United Steel Workers v. Warrior & Gulf Navigation Co.*,
  363 U.S. 574 (1960) ................................................................................2

**\*Chief Authorities are Designated by an Asterisk**

**State Cases**

*Iskanian v. CLS Transp.*,
   Inc., 59 Cal.4th 348 (2014)........................................................................5

**NLRB Cases**

\* *Arizona Portland Cement Co.*,
   302 NLRB 36 (1991).................................................................................8

*Bayley-Seton Hospital*,
   323 NLRB 717 (1977)..............................................................................8

*D.R. Horton, Inc.*,
   357 NLRB No. 184 (2012)........................................................................5

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
   561 U.S. 287 (2010) ................................................................................4

*Missouri Portland Cement*,
   291 NLRB 1043 (1980)............................................................................8

**Federal Statutes**

9 U.S.C. § 1 et seq.,.....................................................................................4

29 U.S.C. § 158(a)(1).................................................................................6

29 U.S.C. § 159(a) .....................................................................................9

29 U.S.C. § 185 .....................................................................................2, 5, 9

**Other Authorities**

*Basic Text on Labor Law: Unionization Collective Bargaining*
(Thomson/West 2d ed. 2004) ...................................................................11

*Labor Law Analysis and Advocacy* (JURIS 2013)
 Robert Gorman and Matthew Finkin ........................................................11

1 THE DEVELOPING LABOR LAW 1157
 (John E. Higgins, Jr. et al. eds., Bloomberg BNA 6th ed. 2012) ...........10, 11

# **GLOSSARY**

| | |
|---|---|
| Act | National Labor Relations Act |
| Board | National Labor Relations Board |
| Children's Hospital | Children's Hospital And Research Center Of Oakland, Inc., d/b/a Children's Hospital Of Oakland |
| NUHW | National Union of Healthcare Workers |
| SEIU-UHW | Service Employers International Union, United Healthcare Workers-West |

ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**Case No.    14-1058**
Consolidated with 14-1032 & 14-1064

---

**CHILDREN'S HOSPITAL AND RESEARCH CENTER OF OAKLAND, INC.,**

**D/B/A CHILDREN'S HOSPITAL OF OAKLAND**

*Petitioner/Cross-Respondent,*

*v.*

**NATIONAL LABOR RELATIONS BOARD,**

*Respondent/Cross Petitioner,*

and

**SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED**

**HEALTHCARE WORKERS-WEST**

*Intervenor for Respondent*

---

**BRIEF OF INTERVENOR FOR RESPONDENT**

---

**DAVID A. ROSENFELD, Bar No. 058163**
**BRUCE A. HARLAND, Bar No. 230477**
**WEINBERG, ROGER & ROSENFELD**
**1001 MARINA VILLAGE PARKWAY, STE 200**
**ALAMEDA, CA 94501**
**Tel.: (510) 337-1001**
**Fax:  (510) 337-1023**

Attorneys for Intervenor for Respondent,

**SERVICE EMPLOYEES INTERNATIONAL UNION,**

**UNITED HEALTHCARE WORKERS-WEST**

# I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

## ISSUE PRESENTED

## THE CASE AND THE FACTS

Intervenor incorporates, by reference, statements of subject matter and appellate jurisdiction, the issue presented, the case and the facts as contained in the brief of the National Labor Relations Board.

## II. SUMMARY OF THE ARGUMENT

Children's Hospital refused to arbitrate three grievances that arose during the term of the agreement with SEIU-UHW. Two of the grievances involved only back pay for several workers. The third grievance involved reinstatement and back pay for a different worker.

Children's Hospital refused to arbitrate these grievances, contending that its subsequent certification of the National Union of Healthcare Workers ("NUHW") as the exclusive representative prohibited arbitration of those grievances that arose under the SEIU-UHW agreement because it would be an unfair labor practice to "treat" with SEIU-UHW.

It is undisputed that, under any other circumstances, Children's Hospital would have an obligation to arbitrate those three grievances with SEIU-UHW. Those grievances arose out of the terms of the agreement, which had not expired at the time that the grievances were filed and when arbitration was demanded. Even though the

1

agreement has now since expired, Children's Hospital remains obligated under controlling law to arbitrate those grievances. See *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190 (1991), and *Nolde Bros. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243 (1977).

Children's Hospital's only argument is that the intervening certification of NUHW prohibited it from arbitrating those disputes. The Board correctly held, however, that Children's Hospital had a duty to arbitrate with SEIU-UHW in light of the important obligation in federal law to arbitrate disputes and the lack of any evidence that Children's Hospital obligation to bargain with NUHW would be undermined. Moreover, Children's Hospital could have submitted its claim that it would have been unlawful to arbitrate those grievances to arbitration.

## III.  ARGUMENT

Children's Hospital criticizes the Board for beginning its analysis with the undisputed obligation on the part of employers and unions to arbitrate grievances that arise out of the terms of a collective bargaining agreement. Any argument has to begin somewhere, and it is proper to begin with the principle that Congress established when it enacted 29 U.S.C. § 185, allowing the District Courts to enforce collective bargaining agreements. See *United Steel Workers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574 (1960). Moreover, Children's Hospital's position undermines the law that an employer's obligation to arbitrate disputes continues even after the collective bargaining agreement

has expired.  See *Litton Fin. Printing Div.*, 501 U.S. at 190, and *Nolde Bros.*, 430 U.S. at

243.

Indeed, the obligation to arbitrate continues even where there is an asserted conflict

with other principles arising under the Act.  Here, Children's Hospital has raised a

representation question: Can Children's Hospital arbitrate these claims where it has an

obligation to recognize another union?  The courts have held that such disputes over

representation are arbitrable.  *Carey v. Westinghouse Elec. Corp*, 375 U.S. 261 (1964),

and *Int'l Union of Painter & Allied Trades v. J & R Flooring, Inc.*, 656 F.3d 860 (9th Cir.

2011).

It is only where conflict with a Board decision has become manifest that the

obligation to arbitrate may be excused.  See *Hotel Employees, Rest. Employees Union,*

*Local 2 v. Marriott Corp.*, 961 F.2d 1464 (9th Cir. 1992), and *Serv. Employees Int'l*

*Union, Local 399 v. St. Vincent Med. Ctr.*, 344 F.3d 977 (9th Cir. 2003).  See also *Hotel*

*& Rest. Employees Union Local 217 v. J.P. Morgan Hotel*, 996 F.2d 561 (2d Cir. 1993),

and *N.Y. Health & Human Serv. Union v. NYU Hosps. Ctr.*, 343 F.3d 117 (2d Cir. 2003).

The accuracy of this point is underscored by the observation that an alleged

conflict between an arbitrator's decision and a ruling of the NLRB is merely speculative

when, as here, the arbitrator has not yet ruled.  *Hosp. & Institutional Workers Union*

*Local 250 v. Marshal Hale Mem'l Hosp.*, 647 F.2d 38, 42 (9th Cir. 1981).  It is not for the

Court "to look at what the outcome of arbitration of (the union) grievance might be in

view of the NLRB's decision; our duty is simply to look at the labor agreement and determine whether this is the sort of question which is covered by the arbitration." *Int'l Union of Elec., Radio & Machine Workers v. Gen. Elec. Co.,* 407 F.2d 253 (2d Cir. 1968), <u>cert</u> <u>denied</u>, 394 U.S. 904 (1969).  See also, *Carey v. Gen. Elec. Co.*, 315 F.2d 499 (2d Cir. 1963), and *United Optical Workers Union Local 408 v. Sterling Optical Co.*, 500 F.2d 220 (2d Cir. 1974).  Cf. *United Bhd. of Carpenters & Joiners v. Operative Plasterers' & Cement Masons' Int'l Ass'n*, 721 F.3d 678, 697 (D.C. Cir. 2013) (no conflict), and *Retail Clerks Local 588 v. NLRB*, 565 F.2d 769, 778 (D.C. Cir. 1977) (after arbitrator's decision, NLRB can evaluate whether conflict exists), and *In re Dist. No. 1-Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n*, 723 F.2d 70, 78 (D.C. Cir. 1983) (same).

Children's Hospital has no rebuttal for this fundamental proposition.  It simply argues that the Board began with the wrong starting point of its analysis.  See Opening brief page 17-18.  Where one starts or finishes with these propositions, the result is the same.

The result is also compelled by the application of another statutory framework to arbitration.  The Supreme Court has applied the Federal Arbitration Act, 9 U.S. C. § 1 et seq., in two recent cases that involved collective bargaining agreements.  See *14 Penn Plaza, LLC v. Pyett*, 556 U.S. 247, 269 n. 10 (2009), and *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 298 n. 6, 301 n. 8 (2010) (both holding the FAA applies to

actions brought under section 301 of the Labor Management Relations Act, 29 U.S.C. §
185).

The application of the FAA to collective bargaining agreements further supports
our position because Children's Hospital's argument that it has no obligation to arbitrate
because of the intervening certification of NUHW should have been presented to an
arbitrator.  It is a legal defense that must be resolved by arbitration under the FAA.  See
*Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477 (1989); *Shearson/Am.
Express, Inc. v. McMahon*, 482 U.S. 220 (1987), and *Mitsubishi Motors Corp. v. Soler
Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985) (all holding that legal defenses are to be
submitted to the arbitrator).  See *Hammontree v. NLRB*, 925 F.2d 1486, 1503 (D.C. Cir.
1991) (pre-*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).

Applying the FAA, Children's Hospital should have arbitrated these claims, raising
the defense that the intervening certification of NUHW either foreclosed arbitration or
limited the remedy.

In summary, then, whether this Court applies the FAA[1] or the Labor Management
Relations Act, 29 U.S.C. § 185, the three disputes which SEIU-UHW wishes to submit to

---

[1] The Decision of the Fifth Circuit *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir.
2013), granting petition for review in relevant part to *D.R. Horton, Inc*., 357 NLRB No.
184 (2012), supports the position that the FAA plays an important role in applying
arbitration principles in the labor-management relations context.  See also *Iskanian v.
CLS Transp., Inc.*, 59 Cal.4th 348 (2014) (declining to follow Board's rationale in *D.R.
Horton*).

arbitration are arbitrable.  Even Children's Hospital's defense is subject to being resolved by the arbitrator.

Why then does Children's Hospital resist arbitrating these claims?  Children's Hospital claims that it doesn't want to commit an unfair labor practice.  As pointed out by the Board, that's a frivolous position since the Board is taking the position that Children's Hospital has an obligation to arbitrate these grievances.  The Board would be estopped from asserting a subsequent unfair labor practice against Children's Hospital.

Children's Hospital's real motive is that it doesn't want to remedy those grievances.  We don't think that money is the issue since, obviously, Children's Hospital is spending far more on resisting this appeal than it would cost to remedy the first two wage differential cases and even the back pay in the third case.  Children's Hospital has, thus, an interest in weakening SEIU-UHW in the eyes of the workers.  By foreclosing SEIU-UHW from completing the unfinished business, it makes SEIU-UHW look weak and ineffective to the workers in the Hospital.  Although SEIU-UHW is no longer the collective bargaining representative, it continues to represent well over 150,000 healthcare workers in California and wishes to represent workers as effectively as it can. Thus, this is a struggle by Children's Hospital to damage SEIU-UHW.[2]

---

[2] The refusal to arbitrate impacts the rights of those who were the direct subject of the grievances and indirectly coerces all others now represented by NUHW.  Thus, it also violates § 8(a)(1), 29 U.S. C. § 158(a)(1).

SEIU-UHW has, as we have noted, an interest in completing these cases to make it plain to these workers, as well as other workers, that it will finish any business dealing with an employer.  It will pursue valid grievances as far as it can through arbitration.

Finally, the incumbent union that replaced SEIU-UHW, NUHW, has expressly stated that it has no opposition to these cases proceeding to arbitration.  See D.O. at p. ____.  Thus, NUHW seems to have an interest in allowing these cases to proceed to arbitration to remedy whatever the hospital did wrong under the SEIU-UHW collective bargaining agreement between SEIU-UHW and Children's Hospital.[3]

None of these grievances has any impact upon the collective bargaining relationship between Children's Hospital and NUHW.  Those parties have reached a different agreement, and whatever decision that is reached by an arbitrator in these three cases has no impact on that collective bargaining relationship.

At best, Children's Hospital argues that there is some tension between what it calls the "exclusivity principle" and the obligation to arbitrate these three grievances. Assuming that there is even any tension between the two, the Board is the proper authority, initially, to interpret the Act to resolve those issues.  It has plainly come down on the side of arbitration, and its Decision is "rational and consistent with the Act and the

---

[3] If NUHW had opposed arbitration of these grievances, the Board could have evaluated the impact on the current bargaining relationship to determine whether those circumstances weighed against arbitration or whether NUWH was breaching its duty of fair representation to those employees who sought to have their grievances processed to conclusion by SEIU-UHW.

Board's reasoning is adequate, rational and not arbitrary." *Exxon Chem. Co. v. NLRB*, 386 F.3d 1160, 1164 (D.C. Cir. 2004).

As the Board, however, properly points out, the precise issue in this case has never been resolved by the Board.

*Missouri Portland Cement*, 291 NLRB 1043 (1980), was a situation in which the Board ordered the employer to arbitrate outstanding disputes in a setting where the incumbent Union no longer represented the employees. That case is not dispositive but certainly is consistent with the resolution of the issue in this case that the Board reached herein.

Nothing in *Arizona Portland Cement Co.*, 302 NLRB 36 (1991), undermines the Board's decision in this case. In that case, the question was whether the successor and newly certified Union could arbitrate grievances that were filed by the predecessor Union. The Board found that, balancing the interests of the employees and of their representation rights, it would not be consistent with the Act to require the employer to arbitrate grievances brought by the new Union that had been pursued by the old Union.

Finally, in *Bayley-Seton Hospital*, 323 NLRB 717 (1977), the Board's holding was only that a displaced union has no duty of fair representation to process grievances following decertification and replacement by a competing Union.

Thus, none of the three relevant cases dealt with the particular issue that has arisen in this case: whether the predecessor union has the right to pursue, through arbitration, cases where a new union has been certified to represent the same employees.

The Board's decision properly reaches the conclusion that these cases point to its decision. See D & O at p. ____. The principle of these cases is that there is some tension between the exclusivity principle and representation rights where either a union has lost those rights or a new union has been certified. The proper question, then, is whether the employer's action, in refusing to arbitrate grievances, is justified by the exclusivity principle or whether the overwhelming obligation to arbitrate grievances, under Section 185 or the FAA, governs.

Given the Board's rationale, because there is no real conflict between Children's Hospital arbitrating these grievances and the representation by NUHW of the employees currently, the Board correctly found that Children's Hospital violated the Act when it refused to arbitrate these grievances. SEIU-UHW seeks to remedy grievances of workers it represented. It does not want to abandon them. It seeks to fulfill its duty of representation to the fullest. Children's Hospital's refusal to allow SEIU-UHW to fulfill its promise of representation serves no legitimate purpose.

Children's Hospital's brief is filled with efforts to squeeze principles out of dicta. It fails in that regard. Following are two examples:

First, Children's Hospital relies on a phrase with five words it extracts from a Supreme Court case "to treat with no others." See Brief p. 15. It cites the statute, 29 U.S. C. § 159(a) as authority. That phrase does not appear in the statute. The phrase "exclusive" does appear. Children's Hospital even misquotes the one case it relies upon, *Medo Photo Supply Corp. v. NLRB*, 321 U.S. 678, 683-64 [sic] (1944). The correct quote

9

is: "it exacts 'the negative duty to treat with no other'" [citation omitted] at 683-84.

Nothing in that phrase was intended to respond to the circumstances where there is a

transition between representatives.[4]

Second, Children's Hospital relies upon a statement from the Developing Labor

Law. See Brief pp. 16-17. See 1 THE DEVELOPING LABOR LAW 1157 (John E. Higgins,

Jr. et al. eds., Bloomberg BNA 6th ed. 2012). We acknowledge the limited usefulness of

that treatise. However, it is, in large part, a compendium of statements followed by string

cites in footnotes. Children's Hospital ignores the fact that at the conclusion of the

citation there is a footnote that lists a series of cases. None of those cases dealt with the

situation that has arisen here. Moreover, the phrase "where there is no successor or

collective bargaining representative" is simply a misstatement based upon the cited cases,

which do hold that an employer is obligated to process grievances as "unfinished

business" even though a Union has been decertified. That text goes on to correctly

indicate that, where there is a newly certified union, the employer does not have an

obligation to treat grievances pursued by the former incumbent. See text attached to

footnote 31.

Nothing in that treatise supports Children's Hospital's position.

---

[4] This Court's recent discussion of the exclusivity principle does not reach this issue.
Agreement *United Bhd. of Carpenters & Joiners v. Operative Plasterers' & Cement
Masons' Int'l Ass'n*, 721 F. 3d at 694.

10

The more authoritative treatise reaches a different result.  In Robert Gorman and Matthew Finkin's *Labor Law Analysis and Advocacy* (JURIS 2013), the text reaches the opposite conclusion:

> There appears to be no case which directly holds that an already unionized successor may be compelled to arbitrate with the predecessors Union under the predecessor's contract, but at least two cases point in that direction.

See *id.* at 940.[5]

We believe those authors more correctly predict the law than *The Developing Labor Law* does.

Here, children's hospital refused to arbitrate three grievances that arose out of the terms of an agreement that had not expired.  Although another union has been certified to represent the employees, Children's Hospital's repudiation of the arbitration provision by refusing to arbitrate these three grievances interferes with the rights of employees to have their business finished by their former collective bargaining representative.

The employees who voted to decertify SEIU-UHW could not have anticipated that, as a result, they would lose rights that had accrued to them for back pay to several workers and reinstatement for one worker.  The employer's action serves to dissuade employees from either selecting a new representative or ultimately being represented by a union because of the adverse consequences of losing rights that have been accrued.  Thus,

---

[5] This text is the successor to the text written by these two Professors entitled *Basic Text on Labor Law: Unionization Collective Bargaining* (Thomson/West 2d ed. 2004).

the Board correctly determined that Children's Hospital's conduct undermined the rights

guaranteed by Section 7 and violates Sections 8(a)(1) and (5).

## IIII.  CONCLUSION

For the reasons stated by the Board and in this brief, the Order of the Board should

be enforced in full.

Dated at Alameda, CA
This 7th day of August, 2014

            WEINBERG, ROGER & ROSENFELD

            A Professional Corporation

            _/s/ David A. Rosenfeld_____
            DAVID A. ROSENFELD
            BRUCE A. HARLAND
            Attorneys for Intervenor for Respondent,
            SERVICE EMPLOYEES INTERNATIONAL
            UNION, UNITED HEALTHCARE
            WORKERS-WEST

135992/774523

## CERTIFICATE OF COMPLIANCE WITH TYPE COLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Circuit Rule

   32(a)(2)(B) because this brief contains 2,788 words, excluding the parts of

   the brief exempted by Fed. R. App. P.32 (a)(7)(B)(iii).

2. This brief complies wit the typeface requirement of Fed. R. App. P.32 (a)(5)

   and the type style requirements of Fed. R. App. P.32 (a)(6) because the brief

   has been prepared in proportionally spaced typeface using [Microsoft Word

   2010] in a 14 point type in a Times New Roman font style.

Dated: August 7, 2014            WEINBERG, ROGER & ROSENFELD

                                 A Professional Corporation

                                  /s/ David A. Rosenfeld
                                 DAVID A. ROSENFELD
                                 BRUCE A. HARLAND
                                 Attorneys for Intervenor for Respondent,
                                 SERVICE EMPLOYEES INTERNATIONAL
                                 UNION, UNITED HEALTHCARE
                                 WORKERS-WEST

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2014, I electronically filed the **BRIEF OF INTERVENOR FOR RESPONDENT** with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system.   Service was accomplished on all parties using the CM/ECF System.

I certify under penalty of perjury that the above is true and correct.  Executed at Alameda, California, on August 7, 2014.

 _/s/    Katrina Shaw_____

Katrina Shaw