UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                              )
**CHILDREN'S HOSPITAL & RESEARCH CENTER** )
**OF OAKLAND, INC., d/b/a CHILDREN'S** )
**HOSPITAL OF OAKLAND** )
                              )
      Petitioner/Cross-Respondent  )
  v.                                 )    Nos. 14-1032,
                              )          14-1064
**NATIONAL LABOR RELATIONS BOARD** )
                              )
      Respondent/Cross-Petitioner  )
                              )
    and                              )
                              )
**SERVICE EMPLOYEES INTERNATIONAL UNION,** )
**UNITED HEALTHCARE WORKERS-WEST** )
                              )
      **Intervenor**                      )
_____

**MOTION OF THE NATIONAL LABOR RELATIONS BOARD
TO STRIKE PETITIONER'S ADDENDUM TO REPLY BRIEF, AND
RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST
FOR JUDICIAL NOTICE**

    The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, hereby moves to strike the Addendum to Reply Brief filed by Petitioner Children's Hospital of Oakland ("the Hospital"), and opposes the Hospital's request for judicial notice contained therein. The document that the Hospital has provided in its Addendum, for which it requests the Court take judicial notice, is a collective-bargaining agreement executed between the Hospital

and the National Union of Healthcare Workers (NUHW) that post-dates the Board's decision and order currently under review. It is non-record material that is improper to present to the Court for consideration, and will, in any event, be of no assistance to the Court because it has no bearing on the issue on review.

Under the National Labor Relations Act, a reviewing court determines whether a Board decision is "supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e) and (f). The propriety of the Board's decision is thus judged in light of the evidence that was in the record before it, not evidence that it neither saw nor considered. The collective-bargaining agreement between the Hospital and NUHW was not executed until after the Board's decision and order issued. Thus, the document was not considered by the Board or made part of the record. It has no bearing on whether the Board's decision was based on "substantial evidence *on the record*."

Judicial notice is inappropriate because the contract is not relevant to this case. As the Board explained in its Brief, at pages 16-17, any arbitral interpretation of the Hospital's contract with the Service Employees International Union, United Healthcare Workers-West (SEIU)—which is the relevant contract herein and is part of the record—would apply only to that contract's application to the outstanding grievances, and would not impact a different contract with a different party, such as the contract proffered in the Addendum. What the

Hospital's new contract with NUHW says has no bearing on the Hospital's obligation to arbitrate pending grievances with SEIU, because such arbitration will have no effect on the NUHW contract. Further, the parties' respective arguments as to whether arbitral interpretation of the SEIU contract will affect interpretation of the NUHW contract will remain the same regardless of the language of the NUHW contract. The contract itself thus has no bearing on this case and will not assist the Court in its review of the Board's decision and order.

Moreover, the contract that the Hospital has presented to the Court in its Addendum is ill-suited to the doctrine that it attempts to invoke. Judicial notice is most appropriate for general, objective facts, rather than case-related, party-specific material like the contract here. *See, e.g.*, *Yellow Taxi Co. v. NLRB*, 721 F.2d 366, 375 & n.29 (D.C. Cir. 1983) (taking judicial notice of a map of Minnesota).

WHEREFORE the Board respectfully requests that the Court strike the Hospital's Addendum to Reply Brief and deny its request for judicial notice.

        s/ Linda Dreeben_____
        Linda Dreeben
        Deputy Associate General Counsel
        NATIONAL LABOR RELATIONS BOARD
        1099 14th Street NW
        Washington, DC 20570
        (202) 273-2960

Dated at Washington, DC
this 2nd day of September 2014

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| **CHILDREN'S HOSPITAL & RESEARCH CENTER OF OAKLAND, INC., d/b/a CHILDREN'S HOSPITAL OF OAKLAND** ) ) ) ) ) **Petitioner/Cross-Respondent** ) ) **v.** ) ) **NATIONAL LABOR RELATIONS BOARD** ) ) **Respondent/Cross-Petitioner** ) ) **and** ) ) **SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS-WEST** ) ) ) **Intervenor** ) | **Nos. 14-1032, 14-1064** |

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I certify that the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

                                                                s/Linda Dreeben
                                                               Linda Dreeben
                                                               Deputy Associate General Counsel
                                                              National Labor Relations Board

                                          1099 14th Street, NW
                                          Washington, DC 20570
                                          (202) 273-2960

Dated at Washington, DC
this 2nd day of September, 2014